19126

Jerry D. BUCKNER, Respondent, v. PREFERRED MUTUAL INSURANCE COMPANY, Appellant

(177 S. E. (2d) 544)

*Messrs. Weinberg & Weinberg,* of Sumter, *for Appellant,*

*Messrs. Levi & Wittenberg,* of Sumter, *for Respondent,*

November 10, 1970.

*Per Curiam.*

This is an appeal from an order of the lower court holding appellant insurance company liable, under the medical payment provisions of a homeowner's insurance policy, for expenses incurred as a result of injuries sustained by respondent's wife while she was leaving the premises of the insured after depositing her child at a nursery school operated there.

The only issue in the lower court was whether coverage was excluded under subsection (h) of the provisions of the policy relating to special exclusions, which denies recovery to any person who is on the premises because of a business conducted thereon. The court held that this attempted exclusion was ineffective because of conflict between sub-section (h) and sub-section (a) (1) of these provisions of the policy, with consequent ambiguity when the two clauses are construed together. The court further held, citing *Outlaw v. Calhoun Life Ins. Co.,* 238 S. C. 199, 119 S. E. (2d) 685 (1961), that sub-section (h) did not exclude recovery because there was no causal connection between the operation of the nursery school and the injury to respondent's wife, which was incurred after she had deposited her child and was descending the front steps of the insured's home. The appellant excepted to the court's first conclusion, but has not excepted to its second ground of decision nor argued against it in the brief. Therefore, the finding below that sub-section

(h) does not bar recovery for lack of causal connection, right or wrong, is the law of this case and requires affirmance. It would be pointless to consider the exceptions which do not reach this dispositive finding.

Affirmed.