511 S.E.2d 716

**GRIFFIN GRADING AND CLEARING, INC., Respondent,**

v.

**TIRE SERVICE EQUIPMENT MANUFACTURING COMPANY, INC., Appellant.**

No. 2931.

Court of Appeals of South Carolina.

Heard Dec. 9, 1998.

Decided Jan. 25, 1999.

Rehearing Denied March 27, 1999.

194

Harry C. DePew, of Columbia, for appellant.

Pope D. Johnson, III, of McCutchen, Blanton, Rhodes & Johnson, of Columbia; and Lisa R. Senn, of Wicker & Senn, of Newberry, for respondent.

STILWELL, Judge:

Griffin Grading and Clearing sued Tire Service Equipment Manufacturing Company alleging fraud, negligent misrepresentation, and breach of warranty relating to Griffin's purchase of a tire chipping machine from Tire Service. Tire Service appeals the trial court's order striking its answer as a discovery sanction. We affirm.

## FACTS

Griffin's attempts to conduct discovery in this case were frustrated for nearly two years. Shortly after commencing suit, Griffin served its first set of interrogatories and requests to produce. Two months later, Tire Service filed a Rule 12(b)(6) motion to dismiss, together with its answer to the complaint.

Nearly three months after serving them, Griffin filed a motion to compel Tire Service to answer the original interrog-

atories and requests to produce. Tire Service then responded to the first set of interrogatories but gave incomplete answers and claimed insufficient information to respond to four of the six interrogatories. Tire Service stated, however, that it would amend and update the responses once it had the necessary information. Shortly thereafter, Tire Service responded to the requests to produce.

Nearly seven months later, Griffin requested a hearing on its motion to compel because Tire Service had yet to supplement its answers to interrogatories. A hearing was set on several occasions but was continued at Tire Service's request. The hearing was eventually scheduled to be heard nearly a year after Tire Service had partially answered the first set of interrogatories.

The day of the hearing, the parties signed a consent order providing that Tire Service would: 1) fully answer and respond to Griffin's first set of interrogatories within two weeks; 2) supplement its responses to Griffin's requests to produce within two weeks; 3) supplement its response to Griffin's interrogatory number 2; 4) abandon and withdraw with prejudice its motion to dismiss; 5) hold in abeyance a motion to strike until the time of trial; and 6) reschedule and allow Griffin to take the depositions of two Tire Service employees and a Rule 30(b)(6) witness within one month. The trial court approved the consent order.

. Three weeks later Griffin filed a second motion to compel seeking an order requiring compliance with the consent order. The court ordered Tire Service to comply with the consent order within thirty days and required Tire Service to pay $400 in attorneys fees.

Five weeks after this order, Griffin moved for a contempt citation based on Tire Service's noncompliance with the most recent court order. Griffin also filed a motion to compel responses to its second requests to produce. At the contempt hearing, the trial court found that Tire Service failed to comply with the order and ordered Tire Service to produce the witnesses for depositions. At that time the court held sanctions in abeyance but stated that Tire Service "is hereby cautioned that if [it] fails to comply with this order, this court

will consider, among other sanctions, the striking of [its] answer."

Griffin served its notice to take the deposition of a 30(b)(6) witness. Griffin deposed one of Tire Service's named witnesses, but not the 30(b)(6) witness it had requested. The next day, Griffin filed a second motion to compel responses to its first and second requests to produce and again noticed the taking of the deposition of a 30(b)(6) witness. The following day, Tire Service filed a motion for a protective order regarding the requests to produce and a motion to quash the deposition of the 30(b)(6) witness.

The same day Griffin served its second set of interrogatories, Tire Service filed a motion for a scheduling order and a day certain. After a phone conference, the trial court ruled on Tire Service's motion for a protective order. In its order, the trial court postponed the deposition of the 30(b)(6) witness, found Ray Schmidt was the 30(b)(6) witness, and ordered his deposition taken. The court also ruled Griffin could serve a second set of interrogatories to be answered within two weeks of receipt.

Tire Service filed another motion for a protective order regarding Griffin's second set of interrogatories and, the next day, filed a motion to dismiss claiming the trial court lacked subject matter jurisdiction. Shortly thereafter, Tire Service's original counsel was suspended from the practice of law for ninety days and another attorney in his firm assumed responsibility for the case.

Tire Service answered Griffin's second set of interrogatories. Then Griffin filed a motion to compel, asserting Tire Service did not fully answer the second set of interrogatories. Griffin also filed a motion for a protective order seeking the court's permission to delay answering discovery until Tire Service answered discovery.

Finally the trial court issued another order in which it found that Tire Service had "engaged in a pattern of non-compliance with the South Carolina Rules of Civil Procedure and with the Orders of this Court." The court noted that, although the case had been pending for nearly two years, Griffin had not been able to take the deposition of a 30(b)(6) witness and had yet to receive meaningful answers to its interrogatories and

requests to produce, despite filing six different motions to compel discovery and despite four court orders directing Tire Service to comply with discovery.

The court found that material, relevant evidence had been withheld and that "[t]his pattern of non-compliance and discovery abuse constitutes further evidence of bad faith and wilful, intentional disobedience...." The court also stated that Tire Service's "misconduct is more than egregious." As a sanction for this noncompliance, the trial court struck Tire Service's answer and ordered it to pay $1375 in attorney fees.

## DISCUSSION

Tire Service argues the trial court abused its discretion in striking its answer. We disagree.

The selection of a sanction for discovery violations is within the trial court's discretion. *Kershaw County Bd. of Educ. v. United States Gypsum Co.*, 302 S.C. 390, 396 S.E.2d 369 (1990). This court will not interfere with that decision unless the trial court abused its discretion. *Clark v. Ross*, 284 S.C. 543, 328 S.E.2d 91 (Ct.App.1985). An abuse of discretion may be found where the appellant shows that the conclusion reached by the trial court was without reasonable factual support and resulted in prejudice to the rights of appellant, thereby amounting to an error of law. *Dunn v. Dunn*, 298 S.C. 499, 502, 381 S.E.2d 734, 735 (1989).

If a party fails to obey an order to provide or permit discovery, the trial court may impose sanctions such as striking pleadings, dismissing the action, or rendering a default judgment. Rule 37(b)(2)(C), SCRCP. When the court orders default or dismissal, or the sanction itself results in default or dismissal, the end result is harsh medicine that should not be administered lightly. *See Orlando v. Boyd*, 320 S.C. 509, 466 S.E.2d 353 (1996).

Therefore, the sanction should be aimed at the specific conduct of the party sanctioned and not go beyond the necessities of the situation to foreclose a decision on the merits of a case. *Balloon Plantation, Inc. v. Head Balloons, Inc.*, 303 S.C. 152, 399 S.E.2d 439 (Ct.App.1990). Where the sanction would be tantamount to granting a judgment by default,

the moving party must show bad faith, willful disobedience or gross indifference to its rights to justify the sanction. *Baughman v. American Tel. & Tel. Co.*, 306 S.C. 101, 410 S.E.2d 537 (1991).

After deciding to strike Tire Service's answer, the court noted:

> Although striking the defendant's Answer is a harsh sanction, I find that no less drastic sanction would be effective in this case. Four prior Orders have been issued, without meaningful compliance by the defendant. A lesser sanction of the assessment of attorney's fees was imposed [in an earlier order], yet that did not result in meaningful compliance by the defendant. In [an earlier order], the defendant received a clear and explicit warning of the consequences if the defendant failed to comply with the Order of the Court, yet the defendant has done just that.

In determining the appropriateness of a sanction, the court should consider such factors as the precise nature of the discovery and the discovery posture of the case, willfulness, and degree of prejudice. *See Laney v. Hefley*, 262 S.C. 54, 202 S.E.2d 12 (1974). Here, the trial court clearly considered the appropriate factors. In its order, the trial court gave a detailed account of Griffin's discovery requests and Tire Service's responses to the requests. While recognizing that Tire Service would be greatly prejudiced, the court nevertheless imposed the sanction, finding Tire Service's willful disobedience of previous orders warranted such a sanction.

Under the circumstances here, we find the trial court did not abuse its discretion in striking Tire Service's answer. The orders of the trial court are not Shakespearean in nature "full of sound and fury, [s]ignifying nothing."[1] If there was ever a case where striking a party's pleading was an appropriate sanction, it is this case where the record is full of multiple, egregious discovery abuses that blocked the opposing party's attempts to conduct meaningful discovery.

We note that this case is distinguishable from *Karppi v. Greenville Terrazzo, Inc.*, 327 S.C. 538, 489 S.E.2d 679 (Ct. App. 1997). In *Karppi*, the court of appeals held that the trial

---

1. William Shakespeare, Macbeth act 5, sc. 5.

court's sanction of striking the answer of a defendant was unduly harsh under the circumstances, especially because of the profound effect it had on other parties to the litigation. Here, the only party punished for the discovery abuses is Tire Service, the party who clearly and willfully committed the abuses.

■ Tire Service's counsel admitted at oral argument that the failure to comply with certain discovery in this case was "indefensible" but asserted that Tire Service should not be punished for acts committed by its previous counsel. First, we note that there is no evidence in the record to support Tire Service's assertion that it was unaware of the acts of its counsel. Furthermore, the acts of an attorney are directly attributable to and binding on the client. *Greenville Income Partners v. Holman,* 308 S.C. 105, 417 S.E.2d 107 (Ct.App. 1992).

Accordingly, the order of the trial court striking Tire Service's answer is

**AFFIRMED.**

HOWELL, C.J. and ANDERSON, J., concur.