THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Richard J. Ralphs, Respondent,
v.
Terry A. Trexler, d/b/a The Trexler Law Firm; and Edward W. Nordstrom, 
Of Whom Terry A. Trexler is the Appellant.
 
 
 

Appeal From Sumter County
 James E. Lockemy, Circuit Court Judge
 Linwood S. Evans, Jr., Circuit Court Judge

Unpublished Opinion No. 2005-UP-219
Heard March 8, 2005  Filed March 24, 2005

AFFIRMED

 
 
 
L. Henry McKellar, of Columbia, for Appellant.
James B. Richardson, Jr. and Palmer Freeman, Jr., both of Columbia, for Respondent.
 
 
 

PER CURIAM:  Terry A. Trexler, d/b/a The Trexler Law Firm, appeals from orders granting Richard J. Ralphs a default judgment and awarding damages and costs.  We affirm.
FACTS
Ralphs brought a malpractice suit against Trexler, his former attorney, for among other claims, fraudulently inducing him to sign a deed to his house under the pretense that it was a mortgage securing his attorneys fees.  Trexlers attorney, Curtis Murph, filed an answer denying Ralphs claims.  Ralphs attempted to secure Trexlers deposition on three separate occasions.  Each time, Ralphs attorney and Murph agreed upon the date and time.  The final two occasions, Ralphs attorney, Ralphs, and a court reporter waited more than two hours to see if Trexler would attend.  Murph attended the third scheduled deposition; however, he was unable to locate his client.
When Trexler failed to attend a third deposition, Ralphs moved for sanctions under Rule 37, SCRCP.  He presented the affidavit of his attorney indicating the depositions were scheduled at times consented to by Murph, but no one attended.  Judge James E. Lockemy orally granted a motion to strike Trexlers answer and to find him in default.  In the written motion, the court did not specifically strike the answer, but did hold Trexler in default.  Judge Lockemy also awarded Ralphs costs associated with preparing for and attending the depositions.
Trexler, after retaining new counsel, filed motions pursuant to Rule 59 and 60, SCRCP.  Judge Lockemy denied the motion pursuant to Rule 59, finding it was not timely and was not properly served.  The Rule 60 motion was later heard before Master-in-Equity Linwood S. Evans.[1]  In his order dated March 10, 2003, Judge Evans found the Rule 60 motion was inappropriate because there was no final judgment and also concluded he could not overrule the decision of another judge.
On March 18, 2003, Judge Evans conducted the damages hearing and issued an order awarding $108,213 in actual damages, $50,000 in punitive damages, and prejudgment interest on the actual damages.  Also, Judge Evans noted the award was in addition to the costs awarded by Judge Lockemy at the sanctions hearing.
Trexler then filed a motion asking the court to conduct a Gamble[2] hearing on the punitive damages.  Additionally, he filed a motion to reconsider the rulings, including the damages ruling.  Trexler filed his Notice of Appeal with this court on April 7, 2003, prior to obtaining a ruling on his outstanding motions.  This court stayed his appeal pending final disposition of the motions.
On December 11, 2003, Judge Evans granted Trexlers motion to reconsider only as to the award of prejudgment interest and denied all remaining motions.  He issued an amended order, which reflected the change regarding prejudgment interest.  Trexler never filed an amended notice of appeal after receiving this order.  
LAW/ANALYSIS
I.       Sanctions
Trexler asserts it was an abuse of discretion for Judge Lockemy to strike his answer and hold him in default for failing to attend the scheduled depositions.  We disagree.
First, this issue is not properly preserved for review on appeal.  Judge Lockemy filed the order striking Trexlers answer and holding him in default in October of 2000.  Trexler filed a motion under Rule 59, seeking to have Judge Lockemy reconsider that order.  Judge Lockemy ruled the motion was not timely filed and was not properly served pursuant to Rules 59(b) and (g), SCRCP.  Trexler never appealed the order by Judge Lockemy finding the motion untimely.  See Rule 203(b)(1), SCACR (requiring appeal to be filed within 30 days).  Thus, Trexler has waived his right to directly attack on appeal the findings of the October 2000 order, and the determinations of the court become the law of the case.  See Buckner v. Preferred Mut. Ins. Co., 255 S.C. 159, 161, 177 S.E.2d 544, 544 (1970) (stating an unchallenged ruling, right or wrong, is the law of th[e] case and requires affirmance).
While Trexler made a Rule 60 motion, he needed to appeal the original order and denial of his Rule 59 motion in order to raise the appropriateness of the sanction.  The Rule 60 motion collaterally attacked the default by asserting there was excusable neglect due to Trexlers original counsel failing to inform him of the dates and times of the depositions.  Accordingly, we find in order to preserve his claim that the sanctions were an abuse of discretion, Trexler had to properly appeal from the order awarding sanctions or the denial of his motion pursuant to Rule 59.

On the merits, pursuant to Rule 37(d):        
 
If a party . . . fails (1) to appear before the officer who is to take his deposition, after being served with a proper notice, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule.  
 

Rule 37(d), SCRCP; see also Karppi v. Greenville Terrazzo Co., Inc., 327 S.C. 538, 542, 489 S.E.2d 679, 682 (Ct. App. 1997) (explaining Rule 37, SCRCP, expressly grants the trial court power to order judgment by default for either the violation of a court order or, upon motion, for a partys failure to respond to certain discovery requests).  
When a court orders a sanction that results in default or dismissal, the end result is harsh medicine that should not be administered lightly.  Griffin Grading & Clearing, Inc. v. Tire Serv. Equip. Mfg. Co., Inc., 334 S.C. 193, 198, 511 S.E.2d 716, 718 (Ct. App. 1999).  The sanction should be aimed at the specific misconduct of the party sanctioned and should be reasonable.  Id. at 198, 511 S.E.2d at 719; Karppi, 327 S.C. at 543, 489 S.E.2d at 682.  Also, the court should not go beyond the necessities of the situation to foreclose a decision on the merits of a case.  Id.  Finally, when a sanction would be tantamount to granting a judgment by default, the moving party must show bad faith, willful disobedience or gross indifference to its rights to justify the sanction.  Griffin, 334 S.C. at 198-99, 511 S.E.2d at 719.
Ralphs attorney attempted to schedule and hold depositions of Trexler on three occasions.[3]  Each deposition was scheduled through Murph.  Murph even attended the third deposition and was unable to locate Trexler, according to the affidavit of Ralphs attorney.  As an attorney, Trexler should understand the importance of discovery and the excess work caused by his failure to attend.  Accordingly, Judge Lockemys determination that Trexlers willful failure to attend the depositions warranted the striking of his answer and finding him in default is affirmed.
II.      Rule 60 Motion
Trexler next contends the trial court erred in denying his motion pursuant to Rule 60 to set aside the default judgment.  We disagree.
First, the motion appealed from was not timely, as the default judgment had not been entered.  Trexler was found in default after the trial judge struck his answer as a sanction for his discovery abuse.  In order to set aside the default, a motion pursuant to Rule 55 would have been necessary.  See Thynes v. Lloyd, 294 S.C. 152, 154, 363 S.E.2d 122, 123 (Ct. App. 1987) (finding Rule 55(c) allows the Circuit Court to grant relief from the entry of default, whereas Rule 60(b) allows the Circuit Court to grant relief from a final judgment).  
Second, Judge Evans correctly determined he did not have the authority to determine whether Judge Lockemy abused his discretion in awarding sanctions under Rule 37(b).       It is settled that one circuit judge does not have the power to review, modify, affirm or reverse the findings of another circuit judge.  Cook v. Taylor, 272 S.C. 536, 538, 252 S.E.2d 923, 924 (1979).
Additionally, this issue is not preserved for review on appeal.  Judge Evans issued his order denying the Rule 60 motion on March 10, 2003.  Subsequently, Trexler filed a motion to alter or amend the March 10 order.  He then filed his notice of appeal from the March 10 order, along with several other orders.  This court stayed his appeal pending the disposition of his outstanding motions, including the Rule 59 motion asking Judge Evans to reconsider, alter or amend his March 10 order.  After the Rule 59 motion was denied on December 11, 2003, Trexler failed to file an Amended Notice of Appeal to include the December 11 order in his appeal.  Accordingly, the trial judges determinations, including the finding that the March 10 order was appropriate, are the law of the case.  See Buckner, 255 S.C. at 161, 177 S.E.2d at 544 (stating an unchallenged ruling, right or wrong, is the law of th[e] case and requires affirmance).
III.    Punitive Damages
Trexler contends the trial court erred in awarding punitive damages to Ralphs.  He maintains Judge Evans improperly considered Trexlers subsequent disbarment as a ground for awarding punitive damages and also incorrectly concluded there was a violation of the Rules of Professional Conduct when Trexler accepted title to Ralphs property to protect his fee.  We disagree.
Procedurally, this issue is not properly preserved for several reasons.  First, the issue regarding the appropriateness of punitive damages does not appear in the record to have been raised to Judge Evans for consideration.  Trexlers motion to alter or amend raises various issues related to the actual damages, but does not challenge the punitive damage award.  Accordingly, the issue is not preserved for review on appeal.  See Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.).
Second, Trexler challenged Judge Evans March 23 order by way of a motion to alter or amend the judgment.  Additionally, he filed his Notice of Appeal to this court prior to receiving an order on his Rule 59 motion.  When Trexler received the order dated December 11, 2003, he was required to file an Amended Notice of Appeal to include this order in his appeal.  See Rules 203(b)(1) and (d)(2)(B), SCACR.  As he failed to appeal from this order, the findings made in the December 11 order are the law of the case.  See Buckner, 255 S.C. at 161, 177 S.E.2d at 544 (stating an unchallenged ruling, right or wrong, is the law of th[e] case and requires affirmance).
Additionally, this issue would fail on the merits.  In Austin v. Specialty Transportation Services, Inc., this court explained in great detail the nature of punitive damages and the required findings prior to their award: 

Punitive damages, also known as exemplary damages, are imposed as punishment.  Punitive damages are allowed in the interest of society in the nature of punishment and as a warning and example to deter the wrongdoer and others from committing like offenses in the future. 

Austin v. Specialty Transp. Servs., Inc., 358 S.C. 298, 312, 594 S.E.2d 867, 874 (Ct. App. 2004) (citations omitted).  This court continued:

On the issue of punitive damages, the highest burden of proof known to the civil law is applicable. . . . In any civil action where punitive damages are claimed, the plaintiff has the burden of proving such damages by clear and convincing evidence.  Punitive damages can only be awarded where the plaintiff proves by clear and convincing evidence the defendants misconduct was willful, wanton, or in reckless disregard of the plaintiffs rights. 

Austin, 358 S.C. at 313, 594 S.E.2d at 875 (citations omitted).
While Judge Evans did consider the disciplinary order in his determination of awarding punitive damages, it was but one consideration.  He specifically found Trexler placed his own interests above those of Ralphs, whom he represented.  Additionally, he noted the fraudulent nature of how Trexler came to take title to Ralphs property.  Finally, in noting the taking of the property to secure his fee, Judge Evans indicated Trexler likely violated Rule 1.8 of the Rules of Professional Conduct and Rule 407, SCACR, by taking a possessory interest in Ralphs property that was adverse to his client.  Accordingly, we find clear and convincing evidence to support Judge Evans award of punitive damages.
AFFIRMED.
ANDERSON, BEATTY and SHORT, JJ., concur.

[1] The outstanding motion and a damages hearing was apparently referred to Judge Evans.  While the Rule 60 motion was filed in December of 2000, it was not heard until December of 2002, partly because Trexler was under an automatic stay from the United States Bankruptcy Court.
[2] Gamble v. Stevenson, 305 S.C. 104, 406 S.E.2d 350 (1991).
[3] But cf. Balloon Plantation, Inc. v. Head Balloons, Inc., 303 S.C. 152, 154, 399 S.E.2d 439, 440 (Ct. App. 1990) (determining sanctions were not appropriate because the defendants made the extra effort to send their answers by Express Mail and they were only a few hours late during the afternoon they were due.)