391 S.C. 177 (2010)
705 S.E.2d 57
NEELTEC ENTERPRISES, INC. d/b/a Fireworks Supermarket, Appellant,
v.
Willard LONG d/b/a Foxy's Fireworks, and d/b/a Fireworks Superstore, Respondent.
No. 4756.
Court of Appeals of South Carolina.
Submitted September 1, 2010.
Decided October 27, 2010.
Withdrawn, Substituted and Refiled January 19, 2011.
Rehearing Denied January 19, 2011.
Robert J. Thomas and Robert P. Wood, both of Columbia, for Appellant.
Bert Glenn Utsey, III, of Walterboro, for Respondent.
PER CURIAM:
Neeltec Enterprises, Inc. d/b/a Fireworks Supermarket (Neeltec) appeals the special referee's order substituting two corporations, Foxy's Firework Superstore, Inc. and Hobo *178 Joe's, Inc., as defendants in Neeltec's action against Willard Long d/b/a Foxy's Fireworks and d/b/a Fireworks Superstore.[1] We dismiss[2] Neeltec's appeal because the special referee's order is not immediately appealable.
"An appeal ordinarily may be pursued only after a party has obtained a final judgment." Hagood v. Sommerville, 362 S.C. 191, 194, 607 S.E.2d 707, 708 (2005) (citing Mid-State Distribs., Inc. v. Century Imps., Inc., 310 S.C. 330, 335, 426 S.E.2d 777, 781 (1993)). "Any judgment or decree, leaving some further act to be done by the court before the rights of the parties are determined, is interlocutory and not final." Ex parte Wilson, 367 S.C. 7, 12, 625 S.E.2d 205, 208 (2005).
Absent some specialized statute, the immediate appealability of an interlocutory order depends on whether the order falls within section 14-3-330 of the South Carolina Code (1977). Under section 14-3-330(1), this court may review any intermediate order that involves the merits of the action. "An order involving the merits must finally determine some substantial matter forming the whole or a part of some cause of action or defense in the case in which the order is entitled." Duncan v. Gov't Emps. Ins. Co., 331 S.C. 484, 485, 449 S.E.2d 580, 580 (1994) (quoting Knowles v. Standard Sav. & Loan Ass'n, 274 S.C. 58, 59, 261 S.E.2d 49, 49 (1979)). Further, an interlocutory order that affects a substantial right and in effect determines the action and prevents a judgment from which an appeal may be taken or discontinues the action may be reviewed by this court. See S.C.Code. Ann. § 14-3-330(2)(a).
Although neither this court nor the South Carolina Supreme Court has addressed whether an order granting a motion to substitute a party is immediately appealable, we find that in the present case, the special referee's order granting Long's motion to substitute does not fall within either section 14-3-330(1) *179 or (2).[3] The special referee's order does not involve the merits, nor does the order involve a substantial right or prevent a judgment from which an appeal can be taken. A review of the complaint indicates Neeltec only alleged causes of action against the corporate defendants. Neeltec did not specifically assert any claim against Long individually, but rather, sued Long d/b/a Foxy's Fireworks and d/b/a Fireworks Superstore. The special referee's order simply granted Long's motion to substitute the two corporate defendants for Long d/b/a Foxy's Fireworks and d/b/a Fireworks Superstore, as business entities under the corporate umbrella. The special referee's order also specifically permitted Neeltec to amend its complaint to assert an individual claim against Long. Accordingly, because the order on appeal is not final, nor does the order fit within a statutory exception permitting an appeal from an interlocutory order, the order is not immediately appealable.
APPEAL DISMISSED.
NOTES
[1] At the commencement of this action, the corporate name was Hobo Joe's, Inc. After the filing of the complaint, a separate corporation. Foxy's Firework Superstore, Inc., was formed to operate the Fireworks Superstore.
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.
[3] We note that a motion to substitute may be immediately appealable if it falls under section 14-3-330(1) or (2).