391 S.C. 167 (2010)
705 S.E.2d 436
Frances S. HUDSON, Deceased Employee, by Kenneth L. HUDSON and Keith B. Hudson, Co-Executors of her Estate, as well as Matthew Deese and/or Andrew Deese, Respondents,
v.
LANCASTER CONVALESCENT CENTER, Employer, and Legion Insurance Company, In Liquidation through the South Carolina Property and Casualty Insurance Guaranty Association, Carrier, Appellants.
No. 4705.
Court of Appeals of South Carolina.
Heard March 3, 2010.
Decided June 30, 2010.
Withdrawn, Substituted and Refiled February 4, 2011.
Rehearing Denied February 4, 2011.
*169 E. Ros Huff, Jr., of Irmo, for Appellants Lancaster Convalescent Center and Legion Insurance Company, and Mark D. Cauthen and Peter P. Leventis, both of Columbia, for Appellant South Carolina Property and Casualty Insurance Guaranty Association.
Andrew Nathan Safran and Pope D. Johnson, both of Columbia, and Ann McCrowey Mickle, of Rock Hill, for Respondents.
LOCKEMY, J.
In this workers' compensation action, Lancaster Convalescent Center (Employer) and Legion Insurance Company (Legion), in liquidation through South Carolina Property and Casualty Insurance Guaranty Association (the Guaranty Association), appeal the circuit court's decision affirming the decision of the Appellate Panel of the Workers' Compensation Commission (Appellate Panel) to award Frances S. Hudson certain workers' compensation benefits. We affirm in part and reverse in part.

*170 FACTS
This appeal comes to this court after several workers' compensation hearings. In 1997, Frances S. Hudson sustained an injury to her left leg while in the course and scope of her employment with Employer for which she received workers' compensation benefits. Later, in an order dated October 3, 2001, the single commissioner found Hudson permanently and totally disabled based on a combination of injuries stemming from her original 1997 work-related injury. Due to the combination of her injuries, the single commissioner found Hudson unable to perform any kind of work.
Thereafter, Hudson requested a lump-sum payment of her disability award, but Employer and Legion objected. After a hearing on the matter, the single commissioner found it was in Hudson's best interests to receive the lump-sum payment of her previous award. The single commissioner noted that the South Carolina Code vests authority in the Workers' Compensation Commission to determine, with discretion, whether a lump-sum payment is in an employee's best interest. During the pendency of the lump-sum workers' compensation proceedings, Hudson died from cancer on June 30, 2002.
Employer and Legion appealed the single commissioner's ruling to the Appellate Panel and argued it was error to award Hudson the lump-sum award. Thereafter, the Appellate Panel affirmed all of the single commissioner's findings of facts and conclusions of law, sustaining his order in its entirety. On July 28, 2003, Legion became insolvent. Accordingly, after the ruling regarding the lump-sum payment was rendered, the circuit court stayed the appeal due to Legion's insolvency. During the stay, the Guaranty Association assumed all rights, duties, and obligations of Legion as the insolvent insurance carrier pursuant to section 38-31-60 of the South Carolina Code (Supp.2009). Thereafter, Employer and the Guaranty Association appealed the Appellate Panel's order to the circuit court and argued it was error to award the lump-sum award, and the Appellate Panel's order must be vacated in light of Hudson's untimely death.
The Honorable Paul E. Short, then a circuit court judge, affirmed the Appellate Panel's order in its entirety by written order. The circuit court found substantial evidence supported *171 the Appellate Panel's lump-sum award and that the award was not inconsistent with section 42-9-301 of the South Carolina Code (1985). Concerning whether Hudson's death impacted the workers' compensation proceedings, the circuit court found this issue was not preserved for review. Additionally, the circuit court found Employer and Legion's assertion regarding the abatement of Hudson's claim was unpersuasive. Employer and the Guaranty Association appealed the circuit court's decision to this court, but they subsequently withdrew the appeal. Consequently, our clerk of court signed an order of dismissal and remittitur on April 20, 2004.
At some point during the proceedings, Employer and the Guaranty Association learned of Hudson's death and ceased making payments. In response, Kenneth and Keith Hudson, as executors of their mother's estate (the Estate), requested payment of the lump-sum award. The Hudson sons raised the issue on behalf of Matthew and Andrew Deese, Hudson's dependent grandchildren. Specifically, the Estate argued the grandchildren were entitled to payment of the lump sum, as Hudson's dependents. Employer and the Guaranty Association argued Hudson's lump-sum payment abated upon her death and maintained they were not obliged to pay any sum. The single commissioner found Judge Short's 2004 order, which addressed Hudson's lump-sum award, could not be challenged or relitigated. Specifically, the single commissioner found: (1) Hudson's disability award could reasonably fall within section 42-9-10 of the South Carolina Code (Supp. 2009); (2) all of the current beneficiaries had colorable claims to the lump-sum proceeds; and (3) the Guaranty Association failed to establish abatement under section 42-9-280 of the South Carolina Code (1985). Further, the single commissioner ordered the Guaranty Association to pay the lump sum with interest and a ten percent penalty within seven days of the order.
Again, Employer and the Guaranty Association appealed the single commissioner's order. On appeal, the Appellate Panel affirmed all of the single commissioner's factual findings and legal conclusions with the exception of the ten percent penalty imposed. Specifically, the Appellate Panel noted the Guaranty Association did not pursue a frivolous defense. Thereafter, the Estate and the Guaranty Association cross-appealed to the *172 circuit court. The Honorable Kenneth Goode issued an order affirming the Appellate Panel with the exception of the ten percent penalty it vacated. In his order, Judge Goode concluded section 42-9-90 of the South Carolina Code (1985) compelled a penalty; accordingly, he reinstated the penalty. This appeal followed.

STANDARD OF REVIEW
"The Administrative Procedures Act establishes the standard of review for decisions by the South Carolina Workers' Compensation Commission." Forrest v. A.S. Price Mech., 373 S.C. 303, 306, 644 S.E.2d 784, 785 (Ct.App.2007). "In workers' compensation cases, the [Appellate Panel] is the ultimate fact finder." Shealy v. Aiken County, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000). This court reviews facts based on the substantial evidence standard. Thompson v. S.C. Steel Erectors, 369 S.C. 606, 612, 632 S.E.2d 874, 877 (Ct.App. 2006). Under the substantial evidence standard, the appellate court may not substitute its judgment for that of the Appellate Panel as to the weight of the evidence on questions of fact. Forrest, 373 S.C. at 306, 644 S.E.2d at 785; see also S.C.Code § 1-23-380(5) (Supp.2009). The appellate court may reverse or modify the Appellate Panel's decision only if the claimant's substantial rights have been prejudiced because the decision is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record. Forrest, 373 S.C. at 306, 644 S.E.2d at 785-86. "Substantial evidence is not a mere scintilla of evidence nor evidence viewed from one side, but such evidence, when the whole record is considered, as would allow reasonable minds to reach the conclusion the [Appellate Panel] reached." Shealy, 341 S.C. at 455, 535 S.E.2d at 442.

LAW/ANALYSIS

I. Abatement
Employer and the Guaranty Association argue the circuit court erred in affirming the Appellate Panel's decision finding Hudson's lump-sum award survived her death. However, Judge Short's order found this issue was not properly before the circuit court in 2004 because Employer and the *173 Guaranty Association failed to raise it to the Appellate Panel after Hudson died. Employer and the Guaranty Association appealed Judge Short's ruling but later withdrew the appeal. Thus, we find Judge Short's ruling finding the abatement issue unpreserved is the law of the case. See Judy v. Martin, 381 S.C. 455, 458, 674 S.E.2d 151, 153 (2009) ("Appellant may not seek relief from the prior unappealed order of the circuit court because the order has become the law of the case. Under the law-of-the-case doctrine, a party is precluded from relitigating, after an appeal, matters that were either not raised on appeal, but should have been, or raised on appeal, but expressly rejected by the appellate court."). Accordingly, we decline to address the issue on the merits.

II. Beneficiaries/Next of Kin Dependents
Employer argues the circuit court erred in failing to address whether all four beneficiaries have legitimate claims. The Guaranty Association argues the circuit court erred in affirming the Appellate Panel's decision to award Hudson's lump sum to her Estate rather than to her beneficiaries pursuant to section 42-9-280 of the South Carolina Code (1985). In response, the Estate argues Employer and the Guaranty Association acknowledged and accepted the beneficiaries' valid and reasonable settlement of their respective claims to the lump-sum proceeds. Thus, based on this stipulation, the Estate argues Employer and the Guaranty Association cannot now contest the manner in which the lump-sum award will be distributed. We agree with Employer and the Guaranty Association.
We disagree with the Estate's assertion that Employer and the Guaranty Association acknowledged and accepted the beneficiaries' valid and reasonable settlement of their respective entitlements to the lump-sum proceeds. On the contrary, during the hearing before the single commissioner on January 25, 2005, Employer's counsel consistently questioned to whom the lump-sum award should go and the manner of the payment. We note there was a discussion among the parties during which they agreed to divide the award evenly between Hudson's sons and minor grandsons. The single commissioner noted Employer's counsel had no objection to the manner in which the funds were split but reserved the right to claim that *174 the funds were payable. However, we do not find such a stipulation by Employer's counsel on the record and note he stated: "our position is the [E]state takes nothing." Thereafter, Employer and the Guaranty Association appealed the single commissioner's decision to award Hudson's lump sum to her Estate, rather than to her beneficiaries, to both the Appellate Panel and the circuit court. Therefore, we find this issue is properly preserved for our review and do not find Employer stipulated to the manner of dividing the lump-sum award. Accordingly, we will address this issue on the merits.
Pursuant to section 42-9-280:
When an employee receives or is entitled to compensation under this Title for an injury covered by the second paragraph of § 42-9-10 or 42-9-30 and dies from any other cause than the injury for which he was entitled to compensation, payment of the unpaid balance of compensation shall be made to his next of kin dependent upon him for support, in lieu of the compensation the employee would have been entitled to had he lived. (emphasis added)
Here, Hudson's cause of death, cancer, was unrelated to her work injury. Pursuant to section 42-9-280, the workers' compensation commission must pay the unpaid balance of her lump-sum award to her dependent grandchildren rather than to her sons as beneficiaries of the Estate. Therefore, we find the circuit court erred in affirming the Appellate Panel's decision to award Hudson's lump sum to the Estate rather than to her beneficiaries pursuant to section 42-9-280 of the South Carolina Code (1985). Accordingly, we reverse that portion of the circuit court's order and direct all lump-sum payments to be paid directly to Hudson's dependent grandsons.

III. Interest Award
Next, Employer and the Guaranty Association argue the circuit court erred in affirming the Appellate Panel's decision to award Hudson's Estate interest on the lump-sum award. Specifically, the Guaranty Association maintains section 38-31-20(8)(h) (Supp.2009) of the South Carolina Property and Casualty Insurance Guaranty Association Act disallows claims for interest. Section 38-31-20(8) provides:

*175 "Covered claim" means an unpaid claim, including one of unearned premiums, which arises out of and is within the coverage and is subject to the applicable limits of an insurance policy to which this chapter applies issued by an insurer, if the insurer is an insolvent insurer and (a) the claimant or insured is a resident of this State at the time of the insured event, if for entities other than an individual, the residence of a claimant or insured is the state in which its principal place of business is located at the time of the insured event or (b) the claim is for first-party benefits for damage to property permanently located in this State. `Covered claim' does not include: . . . (h) any claims for interest. (emphasis added)
In response, the Estate points to section 38-31-60 of the South Carolina Code (1985 & Supp.2009) which reveals broad duties owed by the Guaranty Association. We agree with Employer and the Guaranty Association on this issue.
Section 38-31-60(b) states that the Guaranty Association "is considered the insurer to the extent of its obligation on the covered claims and, to this extent, has all rights, duties, and obligations of the insolvent insurer as if the insurer had not become insolvent." As we already indicated, interest is not covered. Accordingly, based on the plain reading of the statute, we reverse the circuit court's order affirming the Appellate Panel's decision to award interest.

IV. Penalty Imposed
Finally, Employer and the Guaranty Association argue the circuit court erred in reversing the Appellate Panel's decision not to award Hudson's Estate a ten percent penalty. Originally, the single commissioner imposed a ten percent penalty under section 42-9-90 of the South Carolina Code (Supp.2009) based on Employer and the Guaranty Association's frivolous defense. Thereafter, the Appellate Panel reversed the penalty after finding Employer and the Guaranty Association did not pursue a frivolous defense. Finally, the circuit court reinstated the penalty and relied on Martin v. Rapid Plumbing, 369 S.C. 278, 631 S.E.2d 547 (Ct.App.2006). The Estate argues Martin is inapplicable to the facts of their *176 case, and therefore, the circuit court erred by reinstating the ten-percent penalty.[1]
In response, the Estate maintains the circuit court properly found that the ten percent penalty pursuant to section 42-9-90 was mandatory. Their reasoning is that Judge Short's order was final and should not have been relitigated. Further, the Estate maintains that under section 42-9-90, an employer or carrier must prove that circumstances beyond their control prevented payment of all compensation owed. Also, the Estate maintains this section does not afford the Commission any discretion when deciding whether to impose a penalty. We agree with the Estate.
Section 42-9-90 provides:
If any installment of compensation payable in accordance with the terms of an agreement approved by the Commission without an award is not paid within fourteen days after it becomes due, as provided in § 42-9-230, or if any installment of compensation payable in accordance with the terms of an award by the Commission is not paid within fourteen days after it becomes due, as provided in § 42-9-240, there shall be added to such unpaid installment an amount equal to ten per cent thereof, which shall be paid at the same time as, but in addition to, such installment, unless such nonpayment is excused by the Commission after a showing by the employer that owing to conditions over which he had no control such installment could not be paid within the period prescribed for the payment.
Here, Employer and the Guaranty Association simply stopped paying compensation to the Estate. We agree that they had a non-frivolous defense, as the Appellate Panel found. However, as the single commissioner and Judge Goode found, the imposition of the penalty is mandatory under the statute. Therefore, we affirm the circuit court's reinstatement of the ten-percent penalty.

CONCLUSION
Judge Short's order addressing abatement on the merits is the law of the case. Therefore, we decline to address this *177 issue on the merits. Pursuant to section 42-9-280 of the South Carolina Code, we reverse the portion of Judge Goode's order affirming the Appellate Panel's decision to pay Hudson's remaining lump sum balance to her sons as beneficiaries and order the balance be paid to her grandsons as beneficiaries. Finally, based on applicable statutes, we reverse the interest award and affirm the ten-percent penalty imposed. Accordingly, the decision of the circuit court is
AFFIRMED IN PART AND REVERSED IN PART.
WILLIAMS and PIEPER, JJ., concur.
NOTES
[1] We find Martin analogous yet distinguishable from the present situation.