THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Julio Angel Segarra, Appellant,
 
 
 

v.

 
 
 
 Farm Bureau Insurance Company, Respondent.
 
 
 

Appeal From Florence County
Thomas A. Russo, Circuit Court Judge

Unpublished Opinion No.  2012-UP-090
 Heard January 25, 2012  Filed February
22, 2012  

AFFIRMED

 
 
 
 Patrick
 James McLaughlin, of Florence, for Appellant.
 Robert
 Charles Brown, of Columbia, for Respondent.
 
 
 

PER
 CURIAM: 
 In this contract and tort action arising from an underlying motor vehicle
 accident, Julio Segarra (Segarra) appeals the circuit court's order granting Farm
 Bureau Insurance Company's (Farm Bureau)[1] motions for judgment on the pleadings and summary judgment pursuant to Rule
 12(c), SCRCP, and Rule 56, SCRCP, respectively.  Segarra contends the circuit
 court erred in finding the doctrines of collateral estoppel and/or res judicata
 bar him from pursuing causes of action for breach of contract and bad faith
 against Farm Bureau because the circuit court's previously unappealed ruling dismissing
 his action is not the law of the case.  We affirm pursuant to Rule 220(b)(1),
 SCACR, and the following authorities:
1. As to whether
 the circuit court erred in dismissing Segarra's breach of contract and bad
 faith causes of action: See Judy v. Martin, 381 S.C. 455,
 458, 674 S.E.2d 151, 153 (2009) ("Appellant may not seek relief from the
 prior unappealed order of the circuit court because the order has become the
 law of the case.  Under the law of the case doctrine, a party is precluded from
 relitigating, after an appeal, matters that were either not raised on appeal,
 but should have been, or raised on appeal, but expressly rejected by the
 appellate court."); Hudson v. Lancaster Convalescent Ctr., 393 S.C. 1, 7,
 709 S.E.2d 65, 68 (Ct. App. 2011) (stating a circuit court ruling that is
 appealed but subsequently withdrawn is the law of the case); see also Buckner v. Preferred Mut. Ins. Co., 255 S.C. 159, 160-61, 177 S.E.2d
 544, 544 (1970) (holding an unappealed ruling, right or wrong, is the law of
 the case). 
2.  Because we have
 affirmed the circuit court's ruling that the previously unappealed order is the
 law of the case, we need not address Segarra's remaining arguments.  See Futch v.
 McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591,
 598 (1999) (stating an appellate court need not address remaining issues when a
 decision on a prior issue is dispositive).
AFFIRMED.
WILLIAMS and GEATHERS, JJ., and CURETON,
 A.J., concur.

[1] To clarify, South
 Carolina Farm Bureau Mutual Insurance Company is improperly designated as Farm
 Bureau Insurance Company in Segarra's complaint and in the record on appeal.