**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Steven Michael Okun, as Personal Representative of the Estate of Jane Luanne Okun, Respondent,

v.

Pobuckra Properties, LLC, and Alliance Commercial Property Management, Inc., Appellants.

Appellate Case No. 2023-000063

———————

Appeal From Georgetown County
William H. Seals, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-117
Submitted March 1, 2025 – Filed April 2, 2025

———————

**AFFIRMED**

———————

M. Dawes Cooke, Jr., of Barnwell Whaley Patterson & Helms, LLC, and Diane Summers Clarke, II, of Luzuriaga Mims, LLP, both of Charleston; and Colleen P. Sorensen and Agelo L. Reppas, both of BatesCarey LLP, of Chicago, Illinois, all for Appellants.

Gene McCain Connell, Jr., of Kelaher Connell & Connor, PC, of Surfside Beach, for Respondent.

———————

**PER CURIAM:** Pobuckra Properties, LLC, and Alliance Commercial Property Management, Inc. (collectively, "Appellants") appeal a circuit court order granting Steven M. Okun's motion to strike Appellants' answers and affirmative defenses after Appellants lost possession of a handrail they were instructed to "not take any further action to replace, repair or alter" and to allow Okun to "view, inspect, examine and/or to perform an agreed upon scope of testing" pursuant to a prior circuit court consent order. Appellants argue the circuit court abused its discretion when it granted the motion because Okun did not show Appellants had acted with bad faith, willful disobedience, or gross indifference to his rights; Okun did not suffer prejudice from the loss of evidence; and the circuit court's remedy was not narrowly tailored to rectify the loss of evidence. We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not abuse its discretion when it granted Okun's motion to strike Appellants' answers and affirmative defenses because there was evidence in the record to support a finding that Appellants had acted in bad faith. Specifically, at the hearing on the motion to strike, Appellants explained the right-side handrail had been discarded in the "springtime," but Okun only learned in September 2022, several months after it had been discarded, that the right-side handrail was no longer in Appellants' possession. Further, because the right-side handrail was the subject of the consent order and Appellants knew it was no longer in their possession, Appellants' failure to notify Okun that it had been discarded was done in bad faith. *See Griffin Grading & Clearing, Inc. v. Tire Serv. Equip. Mfg. Co.*, 334 S.C. 193, 198, 511 S.E.2d 716, 718 (Ct. App. 1999) ("The selection of a sanction for discovery violations is within the trial court's discretion."); *id.* ("This court will not interfere with that decision unless the trial court abused its discretion."); *id.* ("An abuse of discretion may be found where the appellant shows that the conclusion reached by the trial court was without reasonable factual support and resulted in prejudice to the rights of appellant, thereby amounting to an error of law."); *id.* at 198-99, 511 S.E.2d at 719 ("Where the sanction would be tantamount to granting a judgment by default, the moving party must show bad faith, willful disobedience or gross indifference to its rights to justify the sanction."); *Orlando v. Boyd*, 320 S.C. 509, 511, 466 S.E.2d 353, 355 (1996) ("A sanction of dismissal is too severe if there is no evidence of any intentional misconduct."); *Portrait Homes - S.C., LLC v. Pennsylvania Nat'l Mut. Cas. Ins. Co.*, 442 S.C. 515, 573, 900 S.E.2d 245, 276-77 (Ct. App. 2023) (finding multiple instances of bad faith in the record to support the trial court's finding of bad faith, including Penn National "not informing Castillo of all of the pertinent information known to it about the claim").

Additionally, we hold there is evidence to support Okun was prejudiced by the loss of the handrail because although the left-side handrail remained available to Okun for inspection, it was constructed from two pieces of wood whereas the right-side handrail was constructed from one piece of wood. Further, the right-side handrail was the handrail that was allegedly not properly attached to the structure and that "gave way." *See Griffin Grading & Clearing, Inc.*, 334 S.C. at 199, 511 S.E.2d at 719 ("In determining the appropriateness of a sanction, the court should consider such factors as the precise nature of the discovery and the discovery posture of the case, willfulness, and degree of prejudice."). Finally, because the handrail is gone and there is no opportunity for Okun to inspect or use the right-side handrail in support of his causes of action for negligence, wrongful death, and survival, we hold there is evidence to support the sanction was narrowly tailored. *See id.* at 198, 511 S.E.2d at 718 ("The selection of a sanction for discovery violations is within the trial court's discretion."); *Karppi v. Greenville Terrazzo Co.*, 327 S.C. 538, 543, 489 S.E.2d 679, 682 (Ct. App. 1997) ("The sanction imposed should be reasonable, and the court should not go beyond the necessities of the situation to foreclose a decision on the merits of a case."); *id.* ("The sanction should be aimed at the specific misconduct of the party sanctioned."); *id.* ("[W]hatever sanction is imposed should serve to protect the rights of discovery provided by the Rules of Civil Procedure.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and GEATHERS and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.