**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Roi Tan Enterprises LLC, Respondent,

v.

Akim Anastopoulo and Anastopoulo Law Firm, LLC, Appellants.

Appellate Case No. 2023-001431

———

Appeal From Charleston County
Bentley Price, Circuit Court Judge

———

Unpublished Opinion No. 2025-UP-379
Submitted October 1, 2025 – Filed November 19, 2025

———

**AFFIRMED**

———

Lane Douglas Jefferies and Eric Marc Poulin, both of Poulin, Willey, Anastopoulo, LLC, of Charleston, for Appellants.

Arthur Cole Pelzer, of Pelzer Law Firm, LLC, of Charleston, for Respondent.

———

**PER CURIAM:** Akim Anastopoulo and Anastopoulo Law Firm, LLC (Appellants) appeal the circuit court's order granting Roi Tan Enterprises, LLC's (Roi Tan's) motions to strike and for a rule to show cause. On appeal, Appellants

argue the circuit court erred in (1) striking their counterclaims and awarding sanctions, and (2) striking their jury trial request. We affirm.

1.      Appellants argue the circuit court erred in striking their counterclaims and awarding monetary sanctions. We disagree. "If a party fails to obey an order to provide or permit discovery, the trial court may impose sanctions such as striking pleadings, dismissing the action, or rendering a default judgment." *Griffin Grading & Clearing, Inc. v. Tire Serv. Equip. Mfg. Co., Inc.*, 334 S.C. 193, 198, 511 S.E.2d 716, 718 (Ct. App. 1999). "When the court orders default or dismissal, or the sanction itself results in default or dismissal, the end result is harsh medicine that should not be administered lightly." *Id.* at 198, 511 S.E.2d at 719. "[T]he sanction should be aimed at the specific conduct of the party sanctioned and not go beyond the necessities of the situation to foreclose a decision on the merits of a case." *Id.* "Where the sanction would be tantamount to granting a judgment by default, the moving party must show bad faith, willful disobedience or gross indifference to its rights to justify the sanction." *Id.* at 198-99, 511 S.E.2d at 719. We find the circuit court did not abuse its discretion in granting Roi Tan's motion to show cause and striking Appellants' counterclaims and sanctioning Appellants $2,500 because Appellants' actions demonstrated bad faith, willful disobedience, and gross indifference to Roi Tan's rights. Appellants had ample opportunity to comply with Roi Tan's discovery requests, the circuit court's order to compel, and instructions at the motion to show cause hearing, but they failed to do so. Appellants'—a lawyer and his law firm's—consistent failure over the course of almost one year to adequately comply with Roi Tan's discovery requests and the circuit court's orders shows Appellants acted in bad faith, willful disobedience, and gross indifference to Roi Tan's rights; thus, the striking of their counterclaims and awarding $2,500 to Roi Tan was warranted because Appellants were warned of the repercussions of noncompliance but still failed to comply with the circuit court's specific instructions. *See id. at* 198, 511 S.E.2d at 718 (affirming the circuit court's order striking defendant's answer as a discovery sanction because defendant failed to supply meaningful answers to plaintiff's interrogatories, despite plaintiff's filing of six different motions to compel discovery and the court issuing four orders that directed defendant to comply); *McNair v. Fairfield County*, 379 S.C. 462, 467, 665 S.E.2d 830, 832 (Ct. App. 2008) (holding "the severe sanction" of dismissal was appropriate because the defendant failed to produce documents seven-and-a-half months after the circuit court granted the plaintiff's motion to compel and the delay was "unconscionable" and "a further prejudice to [the] plaintiff's right to have his claim heard").

2.     Appellants argue the circuit court erred by granting Roi Tan's motion to strike Appellants' jury trial demand because "the circuit court did not provide any factual support or legal analysis for its decision to strike." Appellants argue the counterclaims were compulsory; thus, the waiver was unenforceable because they would not be able to bring them later in a separate action. Further, they assert that even though the lease agreement in question contained a waiver of the right to a jury trial, they are entitled to a jury trial because Roi Tan's amended complaint demanded one and therefore Roi Tan waived the terms of the lease. We disagree. "[W]hether a party is entitled to a jury trial is a question of law." *Wachovia Bank, Nat'l Ass'n v. Blackburn*, 407 S.C. 321, 328, 755 S.E.2d 437, 441 (2014), *abrogated on other grounds by Deutsche Bank Nat'l Trust Co. as Tr. for NovaStar Mortg. Funding Tr., Series 2007-1 NovaStar Equity Loan Asset Backed Certificates, Series 2007-1 v. Est. of Houck*, 440 S.C. 409, 412-13, 892 S.E.2d 280, 281-82 (2023) (quoting *Verenes v. Alvanos*, 387 S.C. 11, 15, 690 S.E.2d 771, 772 (2010)). "A party may waive the right to a jury trial by contract." *Beach Co. v. Twillman, Ltd.*, 351 S.C. 56, 63, 566 S.E.2d 863, 866 (Ct. App. 2002), *abrogated on other grounds by Deutsche Bank Nat'l Trust Co.*, 440 S.C. at 412-13, 892 S.E.2d at 281-82. "Trial by jury is a substantial right and any waiver thereof must be strictly construed." *N. Charleston Joint Venture v. Kitchens of Island Fudge Shoppe, Inc.*, 307 S.C. 533, 535, 416 S.E.2d 637, 638 (1992). "[T]erms in a contract provision must be construed using their plain, ordinary and popular meaning." *Beach Co.*, 351 S.C. at 64, 566 S.E.2d at 866. We find the circuit court did not err in granting Roi Tan's motion to strike the jury trial demand because both Roi Tan and Appellants waived the right to a jury trial when the parties signed the commercial lease, which contained clear and unambiguous terms regarding the waiver of a jury trial. We acknowledge Roi Tan demanded a jury trial in its amended pleadings; however, the parties never mutually consented to retract the plain and unambiguous language of the waiver provision. *See Florence City-County Airport Comm'n v. Air Terminal Parking Co.*, 283 S.C. 337, 341, 322 S.E.2d 471, 473 (Ct. App. 1984) ("A written contract may be modified by a subsequent agreement of the parties"). Based on the foregoing, the order of the circuit court is

**AFFIRMED.**[1]

**WILLIAMS, C.J., and THOMAS and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.