665 S.E.2d 830

**E. Chandler McNAIR, Respondent,**

v.

**FAIRFIELD COUNTY, Appellant.**

**No. 4425.**

Court of Appeals of South Carolina.

Submitted June 2, 2008.

Decided July 8, 2008.

Clifford O. Koon and Paul D. de Holczer, of Columbia, for Appellant.

Thomas H. Pope, III, of Newberry, for Respondent.

HEARN, C.J.:

This appeal arises out of Fairfield County's attempt to condemn private property owned by E. Chandler McNair. McNair filed a complaint challenging the County's right to condemn the property, and after receiving inadequate responses to his requests for discovery, McNair moved for sanctions. The trial court granted the motion, struck the County's answer, and dismissed the condemnation action with prejudice. The County appeals, and we affirm.

## FACTS

In September of 2005, Fairfield County served a condemnation notice on McNair, informing him the County intended to condemn a tract of land he owned adjacent to the Fairfield County Airport. Purportedly, the taking was necessary to extend one of the runways at the airport so it could accommodate large, commercial airplanes. McNair challenged the condemnation, and in November of 2005, McNair sent the County discovery requests. On February 10, 2006, the County produced over 800 documents of discovery. Two weeks later, McNair filed a motion to compel, alleging the County failed to produce certain documents, had not coherently organized the documents it did produce, and had provided incomplete responses to his interrogatories.

The trial court issued an order on April 20, 2006, finding the County failed to respond to McNair's First Request for Production and that the County's responses to Plaintiff's First Set of Interrogatories was deficient. The court did not impose any sanctions but ordered the County to correct its discovery responses within fifteen days.

Despite this directive from the trial court, the County made no attempt to correct the deficiencies in its discovery responses. McNair's counsel wrote six letters requesting the County comply with the order, and finally moved for dismissal and/or sanctions against the County on October 16, 2006, six months after the order compelling discovery had been issued.

A hearing on the motion was convened on November 15, and upon the promise of the County's attorney to have the discovery problems resolved within a month, the hearing was continued until December. At the December hearing, with no progress made toward correcting the discovery issues, the County's attorney explained its noncompliance with the discovery order was because of a funding deadline imposed by the Federal Aviation Administration (the FAA). Apparently, the FAA intended to have substantial progress completed on the runway extension project by October of 2006, and because that had not occurred, the FAA was threatening to withdraw funding for the project. With funding for the project in jeopardy, the County was wary of spending additional money to litigate the condemnation challenge. Counsel for the Coun-

ty urged the trial court to allow him to prepare a scheduling order rather than striking the answer. Counsel explained such an order would aid him in his negotiations with the FAA. The trial court warned it was inclined to strike the answer, but in hopes of resolving the problem amicably, granted the parties forty-five days "to reach some kind of an accord," and if they could not, to submit proposed orders within that time.

On the forty-fifth day after the December hearing, the trial court, having never received a proposed order from the County, issued an order striking the County's answer to the condemnation challenge and dismissing with prejudice the County's condemnation action. Four days later, on February 6, 2007, the County submitted a Rule 59(e), SCRCP, motion along with a proposed scheduling order. In its motion, the County asked the court to reconsider the order striking the County's answer in light of the belated scheduling order.

At the hearing on the County's motion, McNair presented a letter from the FAA dated February 5, 2007, which indicated the FAA intended to withdraw its funding for the Fairfield County Airport runway extension project unless the land acquisition portion of the project was completed within ninety days. The County admitted it would not be able to resolve the challenge action within the time parameters imposed by the FAA.[1]

The trial court found no basis for reconsidering its previous order. The court also noted its decision to strike the answer and dismiss the condemnation action would not have changed even if Fairfield County had timely submitted the proposed scheduling order. This appeal followed.

## STANDARD OF REVIEW

Under Rule 37(b)(2)(C), SCRCP, when a party fails to comply with a discovery order, the trial court has the discretion to impose a sanction it deems just, including an order dismissing the action. *Barnette v. Adams Bros. Logging, Inc.*, 355 S.C. 588, 593, 586 S.E.2d 572, 575 (2003). Absent an abuse of discretion, the trial court's imposition of

---

1. Based upon memoranda submitted by counsel following this court's inquiry, this matter is not moot.

discovery sanctions will not be reversed on appeal, and the party appealing from the order of sanction carries the burden of proving an abuse of discretion occurred. *Id.*

## LAW/ANALYSIS

Fairfield County argues the trial court erred by granting McNair's motion for sanctions and denying its Rule 59(e), SCRCP motion. We disagree.

Initially, the County argues the trial court abused its discretion by signing McNair's proposed order forty-six minutes before the close of business on the day the proposed orders were due, without first reviewing the County's proposed scheduling order. This argument has no merit for two reasons. First, the County failed to timely submit a scheduling order, so even if the trial court had waited until 5:00 p.m., it still would not have had the benefit of a proposed order from the County. Second, in the court's order denying the county's Rule 59(e) motion, the court took the scheduling order into consideration and adhered to its initial order. Because waiting until the close of business before issuing its order would not have made a difference, the trial court did not abuse its discretion by issuing its order before the time for presenting a proposed order had elapsed. *See McCall v. Finley,* 294 S.C. 1, 4, 362 S.E.2d 26, 28 (Ct.App.1987) ("[W]hatever doesn't make any difference, doesn't matter.").

County also argues the trial court abused its discretion because striking the County's answer was unreasonably harsh under the circumstances. We disagree.

As stated above, sanctions for discovery abuse are left to the sound discretion of the trial court. *See Barnette,* 355 S.C. at 593, 586 S.E.2d at 575. However, severe sanctions, such as the dismissal of an action, should only be imposed in cases involving bad faith, willful disobedience, or gross indifference to the opposing party's rights. *See Orlando v. Boyd,* 320 S.C. 509, 511, 466 S.E.2d 353, 355 (1996); *Baughman v. Am. Tel. & Tel. Co.,* 306 S.C. 101, 108–09, 410 S.E.2d 537, 541–42 (1991); *Griffin Grading & Clearing, Inc. v. Tire Serv. Equip. Mfg. Co.,* 334 S.C. 193, 198–99, 511 S.E.2d 716, 719 (Ct.App.1999).

After deciding to strike the County's answer, the trial court noted:

[T]he defense still has not produced documents 7½ months after this Court passed an Order granting plaintiff's motion to compel. The delay caused by defendant is a further prejudice to plaintiff's right to have his claim heard.... The defendant is to blame for this unconscionable delay, and the defendant's conduct amounts to contempt. This Court has considered whether a sanction less than striking the Answer in this case would achieve justice, and this Court concludes not. . . .

The defendant's conduct in refusing to provide that which it has been ordered to produce is a serious affront to the integrity of the judicial system.... The defendant's failure to make any attempt to comply with the court order compelling discovery is a blatant violation of Rule 37(b)(2), SCRCP.

In addition to the explicit findings above, we note the trial court warned the County during the December hearing it was inclined to strike the County's Answer. Despite this warning, the County failed to submit a proposed scheduling order within forty-five days. Furthermore, at the reconsideration hearing, the County was no closer to resolving the funding issues than it had been a year before, when the order compelling discovery had been issued.

■ "In determining the appropriateness of a sanction, the court should consider such factors as the precise nature of the discovery and the discovery posture of the case, willfulness, and degree of prejudice." *Griffin Grading & Clearing, Inc.*, 334 S.C. at 199, 511 S.E.2d at 719. Here, the trial court considered the appropriate factors, and determined the County's willful disobedience of previous orders warranted the severe sanction of dismissal.

## CONCLUSION

Although we recognize the penalty is harsh, we find the trial court did not abuse its discretion in striking the County's answer and dismissing the condemnation action. To the extent Fairfield County raises additional arguments in its brief,[2]

2. Specifically, the following arguments were never raised to the trial court: (1) the order contained internal inconsistencies regarding the

we find they are not preserved for our review because they were never raised to or ruled upon by the trial court.

Accordingly, the order of the trial court is

**AFFIRMED.**[3]

KONDUROS, J., and GOOLSBY, A.J., concur.

reason the County's conduct constituted discovery abuse; (2) the trial court abused its discretion by failing to hold a factual hearing before dismissing the condemnation action; (3) the trial court erred by failing to hold a hearing before concluding the County had no public purpose, benefit, or use in condemning the land; (4) the trial court abused its discretion in dismissing the condemnation action because this "arguably" forecloses the County from ever improving its County Airport; (5) the trial court abused its discretion by finding the County in contempt without holding a factual hearing; (6) the trial court's assumption that FAA funds would be withdrawn was not supported by competent evidence; and (7) the trial court's finding that the County refused to produce voluminous documents was not supported by competent evidence.

**3.** We decide this case without oral argument pursuant to Rule 215, SCACR.