THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Carey Graham
 and Rodney A. Chardukan, Respondents,
 
 
 
 
 

v.

 
 
 
 Malcolm M.
 Babb, Brenda M. Babb, Cable Plus of Carolina, Inc., South Bay Lakes Cable
 Partnership, Southbridge Cable Television, LLC, and Renaissance Enterprises,
 Inc., now known as Condo Services, Inc., Defendants,
 
 
 Of Whom Brenda
 M. Babb and Renaissance Enterprises, Inc., now known as Condo Services, Inc.,
 are Appellants.
 
 
 
 
 

Appeal From Horry County
J. Michael Baxley, Circuit Court Judge

Unpublished Opinion No.   2010-UP-298
Submitted April 1, 2010  Filed June 1, 2010

AFFIRMED

 
 
 
 Brenda Babb, of Calabash, NC, pro se,
 and William Diggs, of Myrtle Beach, for Appellants.
 Frank H. Durant, of Myrtle Beach, for
 Respondents.
 
 
 

PER CURIAM:  This appeal stems from the trial court's imposition of
 discovery-related sanctions on the Appellants.  We affirm[1] pursuant to Rule 220(b),
 SCACR, and the following authorities:  
1. As to whether the trial court abused its discretion in awarding sanctions
 against the Appellants: Rule 37(b)(2)(C), SCRCP (providing that when a party
 fails to comply with a discovery order, the trial court has the discretion to
 impose any sanction it deems just, including the dismissal of an action); Barnette
 v. Adams Bros. Logging, Inc., 355 S.C. 588, 593, 586 S.E.2d 572, 575 (2003)
 (holding the trial court's imposition of discovery sanctions will not be
 reversed on appeal absent an abuse of discretion, and the party appealing from
 the order of sanction carries the burden of proving an abuse of discretion
 occurred); McNair v. Fairfield County, 379 S.C. 462, 466, 665 S.E.2d
 830, 832 (Ct. App. 2008) (holding sanctions resulting in the dismissal of an
 action "should only be imposed in cases involving bad faith, willful disobedience,
 or gross indifference to the opposing party's rights"); Griffin Grading
 & Clearing, Inc. v. Tire Service Equip. Mfg. Co., 334 S.C. 193, 199,
 511 S.E.2d 716, 719 (Ct. App. 1999) ("In determining the appropriateness
 of a sanction, the court should consider such factors as the precise nature of
 the discovery and the discovery posture of the case, willfulness, and degree of
 prejudice.").  
2. As to whether the
 trial court erred in considering documents from a prior factually-related
 action: Dixon v. Dixon, 362 S.C. 388, 399, 608 S.E.2d 849, 854 (2005)
 (providing an issue first raised in a Rule 59(e), SCRCP, motion is not
 preserved on appeal); Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d
 731, 733 (1998) (holding an issue must be raised to and ruled on by the
 trial court in order to be preserved on appeal).    
3. As to whether the trial court erred in
 awarding $6,000 in attorney's fees to the Respondents: Rule 37(b), SCRCP
 (allowing sanctions, including the award of attorney's fees, for discovery
 violations); Seabrook Island Property Owners' Ass'n v. Berger, 365 S.C.
 234, 240, 616 S.E.2d 431, 434-35 (Ct. App. 2005) (holding an award of
 attorney's fees will be affirmed on appeal when sufficient evidence in the
 record supports each of the following factors: (1) nature,
 extent, and difficulty of the legal services rendered; (2) time and labor
 devoted to the case; (3) professional standing of counsel; (4) contingency of
 compensation; (5) fee customarily charged in the locality for similar services;
 and (6) beneficial results obtained).
AFFIRMED.   
FEW, C.J., SHORT,
 and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.