**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

William C. Mitchell, Appellant,

v.

James T. Helwig, Respondent.

Appellate Case No. 2012-211963

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

Unpublished Opinion No. 2013-UP-488
Submitted November 1, 2013 – Filed December 23, 2013

**AFFIRMED**

William C. Mitchell, pro se, of Ladson.

T. Alexander Beard, of Beard Law Offices, of Mt.
Pleasant, and James Patrick Sullivan, of Howser,
Newman & Besley, LLC, of Charleston, for Respondent.

**PER CURIAM:** William C. Mitchell appeals the master's order granting
summary judgment on his claims of malicious prosecution and abuse of process,
arguing the master erred in (1) granting summary judgment before the time period
expired for Mitchell to file his additional brief, (2) finding there was no genuine

issue of material fact as to when Mitchell received notice of the dismissal of his criminal charges, (3) finding the circuit court's prior rulings were not the law of the case, (4) overruling the circuit court's finding the statute of limitations issue was a jury question, (5) finding Rule 43(l), SCRCP, did not apply, and (6) finding Mitchell did not show Helwig and police lacked probable cause to pursue their criminal charges against him. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the master erred in granting summary judgment without considering Mitchell's additional brief: *McNair v. Fairfield Cnty.*, 379 S.C. 462, 466, 665 S.E.2d 830, 832 (Ct. App. 2008) (holding no abuse of discretion when a trial court issued an order without considering an appellant's proposed order but then considered the proposed order in denying the appellant's Rule 59(e), SCRCP, motion).

2. As to whether the master erred in finding there was no genuine issue of material fact as to when Mitchell received notice of the dismissal of his criminal charges: *Wogan v. Kunze*, 379 S.C. 581, 585, 666 S.E.2d 901, 903 (2008) ("When reviewing the grant of summary judgment, [an appellate court] applies the same standard which governs the trial court under Rule 56(c), SCRCP: summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); *id.* ("In determining whether triable issues of fact exist[], the evidence and all factual inferences must be viewed in the light most favorable to the nonmoving party."); *id.* ("If evidentiary facts are not disputed but the conclusions or inferences to be drawn from them are, summary judgment should be denied."); S.C. Code Ann. § 15-3-530(5) (2005) (stating the statute of limitations for "an action for assault, battery, or any injury to the person or rights of another, not arising on contract and not enumerated by law," is three years); S.C. Code Ann. § 15-3-535 (2005) ("Except as to actions initiated under [s]ection 15-3-545, all actions initiated under [s]ection 15-3-530(5) must be commenced within three years after the person knew or by the exercise of reasonable diligence should have known that he had a cause of action."); *Rumpf v. Mass. Mut. Life Ins. Co.*, 357 S.C. 386, 395, 593 S.E.2d 183, 187 (Ct. App. 2004) ("The date on which discovery of the cause of action should have been made is an objective, rather than a subjective, question."); *id.* ("In other words, whether the particular plaintiff actually knew he had a claim is not the test."); *id.* ("Rather, courts must decide whether the circumstances of the case would put a person of common knowledge and experience on notice that some right of his has been invaded, or that some claim against another party might

exist."); *Berry v. McLeod*, 328 S.C. 435, 445, 492 S.E.2d 794, 799 (Ct. App. 1997) ("An individual on inquiry or constructive notice is held to be on notice of the contents of documents filed in conformity with applicable statutory law, which an inquiry would have revealed."); *id.* at 445, 492 S.E.2d at 800 ("The statute of limitations begins to run at the time the individual has inquiry or constructive notice."); *Kelly v. Logan, Jolley, & Smith, L.L.P.*, 383 S.C. 626, 634, 682 S.E.2d 1, 5 (Ct. App. 2009) (finding constructive notice when an appellant "had the ability and opportunity to examine [a] complaint, and her failure to do so did not prevent the statute from beginning to run").

3. As to Issues (3), (4), and (5), concerning whether the master erred in finding the circuit court's previous rulings were not binding: *Huntley v. Young*, 319 S.C. 559, 560, 462 S.E.2d 860, 861 (1995) ("The denial of a Rule 12(b)(6)[, SCRCP,] motion does not establish the law of the case nor does it preclude a party from raising the issue at a later point or points in the case."); *id.* ("Since the order denying the Rule 12(b)(6) motion does not finally decide any issue, it is not directly appealable."); *Singleton v. Sherer*, 377 S.C. 185, 198, 659 S.E.2d 196, 203 (Ct. App. 2008) ("The purpose of summary judgment is to expedite the disposition of cases which do not require the services of a fact finder." (quoting *Dawkins v. Fields*, 354 S.C. 58, 69, 580 S.E.2d 433, 438 (2003))); *Brazell v. Windsor*, 384 S.C. 512, 519, 682 S.E.2d 824, 828 (2009) ("[W]hether [a party] would be able to survive a motion for summary judgment is a different issue from whether [a party has] failed to state a claim [under Rule 12(b)(6)]."); *Smith v. Breedlove*, 377 S.C. 415, 421, 661 S.E.2d 67, 70 (2008) ("The fact that a different trial [court] previously denied a motion for summary judgment does not preclude the moving party from renewing its motion once new evidence is gathered.").

4. As to whether the master erred in finding Mitchell did not show Helwig and police lacked probable cause to pursue their criminal charges against him: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when the disposition of a prior issue is dispositive).

**AFFIRMED.**[1]

**HUFF, GEATHERS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.