**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Horry County, a Body Politic, Respondent,

v.

Aquasino Partners of South Carolina, LLC, Suncruz Casino Cruises, LLC, Ventures South Carolina, LLC, Suncruz Casinos, LLC, and Highland Park Real Estate Development Corporation, Defendants,

Of whom Aquasino Partners of South Carolina, LLC, Suncruz Casino Cruises, LLC, and Highland Park Real Estate Development Corporation are the Appellants.

Appellate Case No. 2013-000757

_____

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

_____

Unpublished Opinion No. 2014-UP-161
Submitted February 1, 2014 – Filed April 2, 2014

_____

**AFFIRMED**

_____

Mark David Neill, of Neill Law Firm, PA, of Murrells Inlet, for Appellants.

Philip Coleman Thompson, Sr., of Thompson & Henry, PA, of Conway; Arrigo Paul Carotti, of The Horry County Attorney's Office, of Conway; and John S. Nichols and Blake Alexander Hewitt, both of Bluestein, Nichols, Thompson & Delgado, LLC, of Columbia, for Respondent.

---

**PER CURIAM:**  Aquasino Partners of South Carolina, LLC, Suncruz Casino Cruises, LLC, and Highland Park Real Estate Development Corporation (collectively Aquasino) appeal a circuit court order striking Aquasino's answer and counterclaim and holding it in default due to non-compliance with a discovery order.  On appeal, Aquasino argues the circuit court erred in (1) finding it willfully violated the discovery order and (2) sanctioning Aquasino by striking its answer and counterclaim and holding it in default.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the circuit court erred in finding Aquasino willfully violated the discovery order:  *McNair v. Fairfield Cnty.*, 379 S.C. 462, 465, 665 S.E.2d 830, 832 (Ct. App. 2008) ("Under Rule 37(b)(2)(C), SCRCP, when a party fails to comply with a discovery order, the [circuit] court has the discretion to impose a sanction it deems just, including an order dismissing the action."); *id.* at 465-66, 665 S.E.2d at 832 ("Absent an abuse of discretion, the [circuit] court's imposition of discovery sanctions will not be reversed on appeal, and the party appealing from the order of sanction carries the burden of proving an abuse of discretion occurred."); *QZO, Inc. v. Moyer*, 358 S.C. 246, 257, 594 S.E.2d 541, 547 (Ct. App. 2004) (stating the issue of whether the appellant's failure to comply with a circuit court order was willful presented a credibility issue for the circuit court to decide).

2.  As to whether the circuit court erred in sanctioning Aquasino by striking its answer and counterclaim and holding it in default:  *Griffin Grading & Clearing, Inc. v. Tire Serv. Equip. Mfg. Co.*, 334 S.C. 193, 198, 511 S.E.2d 716, 718 (Ct. App. 1999) ("The selection of a sanction for discovery violations is within the [circuit] court's discretion."); *id.* ("This court will not interfere with that decision unless the [circuit] court abused its discretion."); *id.* ("An abuse of discretion may be found where the appellant shows that the conclusion reached by the [circuit] court was without reasonable factual support and resulted in prejudice to the rights of appellant, thereby amounting to an error of law."); *McNair*, 379 S.C. at 466, 665 S.E.2d at 832 ("[S]evere sanctions, such as the dismissal of an action, should only

be imposed in cases involving bad faith, willful disobedience, or gross indifference to the opposing party's rights."); *Jamison v. Ford Motor Co.*, 373 S.C. 248, 270, 644 S.E.2d 755, 767 (Ct. App. 2007) ("In deciding what sanction to impose for failure to disclose evidence during the discovery process, the [circuit] court should weigh the nature of the interrogatories, the discovery posture of the case, willfulness, and the degree of prejudice." (internal quotation marks omitted)); *id.* ("A failure to weigh the required factors demonstrates a failure to exercise discretion and amounts to an abuse of discretion.").

**AFFIRMED.**[1]

**WILLIAMS, KONDUROS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.