**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Edward Mikell, Individually and as Personal Representative for the Estate of Estelle White, deceased, Respondent,

v.

Mary Ann Green, Elnora Capers, William Mikell, Eloise Chestnut, Ralph Brown, Roges Brown, Raymond Mack, Henrietta J. Mack-Barnette, Jeanette Mack Green, James Mack, Jo Nathan Mack a/k/a Nathan Mack, Ida M. Blake, Glenn Mack, Rose Mack, Elizabeth Lee a/k/a Dorothy Marie Mack Lee, Michael Mack, Harvey Mack, Carolyn McClair, Magaline E. Brown, Delores G. Mack, Charles Mack III, Alton Kirk Mack a/k/a Kirk Mack, Kendall Gibbs, Harold Mack, Walter Brown (son of Cumsey Brown), Albertha Cohen, Jessie M. Washington, Manny Dunmeyer Jr., Ruthie Brown Roper, Sylvia Dunmeyer, Francis Dunmeyer, Tammy Dunmeyer, Brandy Dunmeyer, Timothy Brown, Barbara Ann Gathers a/k/a Barbara Ann Geathers, Clarence Smith, Jr., Lillian Middleton, Pauline Walker a/k/a Pearline Washington, Robert Smith, Arthur Smith, Margaret Brown, Georgiana Smith, Louise Hamilton, Benjamin Smith, John Smith, Leola Smith, Michael Smith, Janet Heyward Nelson, Eric Heyward, Keith Heyward, Darrell Heyward, William Heyward, Charlene Gadsden, Richard Brown, Sr., Sharon Y. Brown, Merele J. Mack, Adrienne F. Mack a/k/a Frankie Mack, Michael Brown, Louis Mikell, Janie Mikell, Altamese Brown, LaTricia Brown-Mayfield, and Edward Littleton Brown, Melissa Mikell (daughter of Nicolas Mikell), Tamisha Mikell, Thomas Elliott Mikell, Meliss Mikell (daughter of Thomas

Mikell), Les Brown, Patricia Campbell, Curtrina Ladson, if they be alive, and JOHN DOE AND JANE DOE, whose true names are unknown and fictitious names designating the unknown heirs, devisees, distributees, issue, executors, administrators, successors, or assigns of the above-named Defendants and if any of them be dead and of Estelle White, Lizzie Mikell Green, Edward Mikell, Emily Mikell Brown, Zeebree Mikell, Marion Green a/k/a Marian Green, Walter Brown, Florence Gadsden, Ida Mack, Charles Mack Jr., Geneva Mack, Franklin Mack Cumsey Brown, Nancy Brown, James Brown, Emily Heyward, Ida Mae Smith Dunmeyer, Pamela Dunmeyer Brown, Elizabeth Dunmeyer, Charles Brown, Jr., Rena Smith, Johnny Brown, Adell Mikell, Nicolas Mikell, Jesse Mikell, Thomas Mikell, and Mary Frances Brown, all deceased; and MARY ROE AND RICHARD ROE, whose true names are unknown and fictitious names designating infants, persons under disability, incompetents, imprisoned, or those person in the military, if any; and all other persons, known or whose true names are unknown, claiming any right, title, interest in, or lien upon the real estate described in the Complaint herein, Defendants,

Of whom Richard Brown, Sr. and Sharon Y. Brown are the Appellants.

Appellate Case No. 2023-001428

———————

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

———————

Unpublished Opinion No. 2026-UP-002
Submitted September 15, 2025 – Filed January 7, 2026

———————

**AFFIRMED**

———————

Michael W. Sautter, of Query Sautter & Associates, LLC, and Mark V. Evans, both of Charleston, both for Appellants.

Jason Scott Luck, of Luck VI Ltd. Co. d/b/a Jason Scott Luck, Attorney at Law, of Bennettsville, for Respondent.

---

**PER CURIAM:** Richard Brown, Sr. and Sharon Y. Brown (Appellants) appeal the trial court's order finding that Edward Mikell's (Respondent) deed of distribution (2015 deed) from Estelle White's (Decedent) estate had priority over the Appellants' deed from Decedent (2007 deed). We affirm.

"An action to set aside a deed for lack of delivery is an action at law." *Donnan v. Mariner*, 339 S.C. 621, 625, 529 S.E.2d 754, 756 (Ct. App. 2000). "Accordingly, we are limited in our review to corrections of errors of law and a determination of whether or not there is any evidence to support the trial judge's findings." *Id.* at 625–26, 529 S.E.2d at 756.

Appellants argue the trial court erred in signing an order in this case without considering their proposed order. We disagree. While it is troubling Respondent failed to comply with Rule 5(b)(3), SCRCP, which states parties must contemporaneously serve proposed orders on opposing parties at the same time as they are sent to the court, nothing in the rule indicates failure to serve all parties is a jurisdictional requirement. *See Farmer v. Monsanto Corp.*, 353 S.C. 553, 557, 579 S.E.2d 325, 327 (2003) ("Subject matter jurisdiction is the power to hear and determine cases of the general class to which the proceedings in question belong."). There is no evidence in the record showing the trial court received an extension request from Appellants or granted an extension to Appellants within the thirty-day time frame for submitting the proposed orders. Therefore, Appellants failed to comply with the trial court's stated time frame for submitting proposed orders, and we find the trial court did not err in issuing its order. The trial court was free to sign whatever order it wished. *See McNair v. Fairfield Cnty.*, 379 S.C. 462, 466, 665 S.E.2d 830, 832 (Ct. App. 2008) (finding the appellant "failed to timely submit a [proposed] order, so even if the trial court had waited [to sign an order], it still would not have had the benefit of a proposed order from [the appellant]"). Further, the trial court's consideration and denial of Appellants' motion to reconsider and adherence to its original order cured any possible

prejudice to Appellants. *See id.* ("[I]n the court's order denying [the appellant's] Rule 59(e) motion, the court took the [proposed] order into consideration and adhered to its initial order.").

There is evidence to support the trial court's finding that the 2007 deed was not valid. As the trial court found, there is conflicting evidence about who was present at the signing, and the handwriting expert casts serious doubt on the validity of the signature on the 2007 deed. Also, the evidence supports the trial court's finding the deed was not delivered.

> A deed is not legally effective until it has been delivered. While there is no prescribed method for an effective delivery of a deed, manual transfer of the instrument into the hand of the grantee is neither required to effectuate a valid delivery, nor dispositive of the issue. The term delivery in this regard refers to not so much a manual act but the intention of the maker ... existing at the time of the transaction ... and not subject to later change of mind. Delivery of a deed includes, not only an act by which the grantor evinces a purpose to part with the control of the instrument, but a concurring intent thereby to vest the title in the grantee. The controlling question of delivery in all cases is one of intention.

*Donnan*, 339 S.C. at 627, 529 S.E.2d at 757 (internal quotation marks omitted). The *Donnan* court found that because the decedent did not effectively deliver the deed before his death, it was not valid. *Id.* at 628, 529 S.E.2d at 757. Here, as in *Donnan*, Decedent's actions did not show an intent to vest title in Appellants. *See id.* at 627, 529 S.E.2d at 757. Decedent instructed Appellants to keep quiet about the 2007 deed because she did not want any trouble. *See id.* ("Although [the decedent] sent the deed to [the appellant], he instructed her that the deed was not to be recorded until after his death."); *id.* ("[The appellant] was instructed not to tell [the respondent] or her sister about the deed."). After Decedent allegedly signed the 2007 deed, she continued to exercise control over the property and paid taxes on it. *See id.* ("Despite the alleged transfer of the property, [the decedent] continued to exercise control over the lake property."). Appellants never considered themselves owners. Therefore, because Decedent did not effectively deliver the deed before her death, the deed is invalid.

Finding the 2007 deed invalid ends our inquiry. Regardless, even if the 2007 deed was valid, the 2015 deed has priority over it. "South Carolina has a race-notice recording statute, which prioritizes property liens based on notice and the date of recording." *ArrowPointe Fed. Credit Union v. Bailey*, 438 S.C. 573, 577, 884 S.E.2d 506, 508 (2023).

> All deeds of conveyance of lands . . . are valid so as to affect the rights of subsequent creditors . . . only from the day and hour when they are recorded in the office of the register of deeds or clerk of court of the county in which the real property affected is situated. . . . and the priority is determined by the time of filing for record.

S.C. Code Ann. § 30-7-10 (2007). Here, the 2015 deed was recorded on November 19, 2015. The 2007 deed was recorded on September 6, 2016. Therefore, the trial court did not err in finding the 2015 deed had priority over the 2007 deed.

Accordingly, the order of the trial court is **AFFIRMED.**[1]

**WILLIAMS, C.J., and THOMAS and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.