**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Karolina Richardson and Krista Richardson,
Respondents,

v.

Mt. Pleasant Square Associates, II, LLC d/b/a Oyster Park Apartments, Dewberry Capital Corporation, and GREP Southeast, LLC, Appellants.

Appellate Case No. 2022-001208

Appeal From Charleston County
Jennifer B. McCoy, Circuit Court Judge

Unpublished Opinion No. 2026-UP-106
Heard October 6, 2025 – Filed March 4, 2026

**AFFIRMED**

Jeffrey A. Ross, of Ross & Cristaldi, LLC, of Mount Pleasant; Andrew F. Lindemann, of Lindemann Law Firm, P.A., of Columbia; and Emily Christine Sheets, of Copeland, Stair, Valz & Lovell, LLP, of Charleston, all for Appellants.

Clayton B. McCullough, of McCullough Khan, LLC, of Mount Pleasant, for Respondents.

**PER CURIAM:** Mt. Pleasant Square Associates, II, LLC d/b/a Oyster Park Apartments (Mt. Pleasant Square), Dewberry Capital Corporation (Dewberry), and GREP Southeast, LLC (GREP; collectively, the Appellants) appeal the judgment and jury verdict against them as well as the trial court's orders (1) denying their motions for directed verdict and motion for judgment notwithstanding the verdict (JNOV); (2) granting Respondents Karolina Richardson and Krista Richardson's motion for sanctions; and (3) denying Appellants' motion to alter or amend and/or motion to reconsider. We affirm.

## FACTS/PROCEDURAL HISTORY

Oyster Park Apartments (Oyster Park) is an apartment complex located in Mt. Pleasant, South Carolina. Respondents moved into Oyster Park unit 104 in May 2017 and shortly after moved to unit 101 because the first unit flooded from rain. After complaints to management about "black mold" in unit 101 and consequential physical symptoms, Oyster Park management moved Respondents to unit 102. Respondents moved out of Oyster Park in September 2017.

Respondents filed a complaint against Appellants, alleging Appellants breached their duties under the South Carolina Residential Landlord Tenant Act (RLTA) by representing the apartment was free of mold and failing to remediate the mold. Respondents also filed a motion for sanctions and striking of Appellants' pleadings, asserting Respondents received additional discovery just prior to trial. The trial court declined to strike Appellants' pleadings but awarded sanctions in the form of attorney's fees.

The parties proceeded to trial in July 2022. Appellants moved for a directed verdict on their claims pursuant to the RLTA, and the trial court denied the motions. The jury returned a verdict in favor of Respondents with a combined award of $1 million.

Appellants filed a motion for JNOV or, in the alternative, a new trial, arguing that Respondents presented no evidence to support their negligence claim. The trial court denied the motion as well as Appellants' subsequent motion to alter or amend and/or motion to reconsider pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure. This appeal followed.

## ISSUES ON APPEAL

I.  Did the trial court err in denying Appellants' motions for a directed verdict and JNOV on Respondents' negligence claim brought pursuant to the RLTA?

II.  Did the trial court abuse its discretion in finding that Appellants committed a discovery violation and in awarding sanctions?

## STANDARD OF REVIEW

"In an action at law, on appeal of a case tried by a jury, [appellate courts] may only correct errors of law." *Austin v. Stokes-Craven Holding Corp.*, 387 S.C. 22, 36, 691 S.E.2d 135, 142 (2010).  "The factual findings of the jury will not be disturbed unless no evidence reasonably supports the jury's findings." *Id.* at 37, 691 S.E.2d at 142.

"The imposition of sanctions is generally entrusted to the sound discretion of the trial [court]." *Barnette v. Adams Bros. Logging*, 355 S.C. 588, 593, 586 S.E.2d 572, 575 (2003).  "A trial [court]'s exercise of [this] discretionary power[] with respect to sanctions imposed in discovery matters will not be disturbed on appeal absent a clear abuse of discretion." *Id.*  "An abuse of discretion may be found by [an appellate court] where the appellant shows that the decision of the trial [court] was without reasonable factual support and resulted in prejudice to the appellant, thereby amounting to an error of law." *Halverson v. Yawn*, 328 S.C. 618, 621, 493 S.E.2d 883, 884 (Ct. App. 1997).  "The burden is on the party appealing from the order to demonstrate the trial court abused its discretion." *Barnette*, 355 S.C. at 593, 586 S.E.2d at 575.

## LAW/ANALYSIS

### I.  Directed Verdict and JNOV

Appellants argue the trial court erred in denying their motions for directed verdict and JNOV because there is no evidence in the record to support the jury's finding that Appellants violated the RLTA.  We affirm.

"In ruling on a motion for directed verdict, a court must view the evidence and all reasonable inferences in the light most favorable to the non-moving party." *Swinton Creek Nursery v. Edisto Farm Credit, ACA*, 334 S.C. 469, 476, 514 S.E.2d 126, 130 (1999).  "When the evidence yields only one inference, a directed verdict in favor of the moving party is proper." *Id.*  "The trial court can only be reversed by [an appellate court] when there is not evidence to support the ruling below." *Id.*

at 476–77, 514 S.E.2d at 130.  "A motion for JNOV may be granted only if no reasonable jury could have reached the challenged verdict."  *Welch v. Epstein*, 342 S.C. 279, 300, 536 S.E.2d 408, 419 (Ct. App. 2000).  "The jury's verdict will not be overturned if any evidence exists that sustains the factual findings implicit in its decision."  *Id.*  "When considering directed verdict and JNOV motions, neither the trial court nor the appellate court has authority to decide credibility issues or to resolve conflicts in the testimony or evidence."  *Id.*

"The principal statute which creates a cause of action [under the RLTA] is [s]ection 27-40-440 . . . ."  *Watson v. Sellers*, 299 S.C. 426, 435, 385 S.E.2d 369, 374 (Ct. App. 1989).  This statute "is in derogation of common law and, therefore, . . . should be strictly construed . . . ."  *Id.* at 433, 385 S.E.2d at 373. Section 27-40-440 of the South Carolina Code (2007) provides:

> (a) A landlord shall: (1) comply with the requirements of applicable building and housing codes materially affecting health and safety; (2) make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition; (3) keep all common areas of the premises in a reasonably safe condition, and, for premises containing more than four dwelling units, keep in a reasonably safe condition; (4) make available running water and reasonable amounts of hot water at all times and reasonable heat . . . (5) maintain in reasonably good and safe working order and condition all electrical, gas, plumbing, sanitary, heating, ventilating, air conditioning, and other facilities and appliances, including elevators, supplied or required to be supplied by him. . . .  (b) If any duty imposed by paragraph (1) of subsection (a) is greater than any duty imposed by any other paragraph of that subsection, the landlord's duty must be determined by reference to paragraph (1) of subsection (a).

In negligence actions pursuant to the RLTA, a "plaintiff must establish (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach." *Pryor v. Nw. Apartments, Ltd.*, 321 S.C. 524, 528, 469 S.E.2d 630, 632–33 (Ct. App. 1996).

We hold there is evidence in the record to support the jury's finding that Appellants breached the RLTA.[1]  Appellants had duties pursuant to the RLTA to maintain the premises and make repairs.  *See* § 27-40-440(a)(1)–(5) (stating various duties owed by landlords to tenants).  While the evidence indicates Appellants worked to remediate Respondents' mold issue, there was some conflict and lack of clarity in trial testimony regarding how long management was aware of leaks at Oyster Park and their effect on Respondents' unit.  *See Welch*, 342 S.C. at 300, 536 S.E.2d at 419 ("When considering directed verdict and JNOV motions, neither the trial court nor the appellate court has authority to decide credibility issues or to resolve conflicts in the testimony or evidence.").  Further, we find the evidence lends itself to an inference that, at face value, Appellants failed to keep the premises in a fit and habitable condition based on the mold in Respondents' unit.  *See* § 27-40-440(a)(2) (requiring the landlord to "make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition").  As such, we hold the trial court did not err by denying Appellants' motions for a directed verdict and JNOV.  *See Swinton Creek Nursery*, 334 S.C. at 476, 514 S.E.2d at 130 ("In ruling on a motion for directed verdict, a court must view the evidence and all reasonable inferences in the light most favorable to the non-moving party."); *id.* at 476–77, 514 S.E.2d at 130 ("The trial court can only be reversed by [an appellate court] when there is not evidence to support the ruling below."); *Welch*, 342 S.C. at 300, 536 S.E.2d at 419 ("A motion for JNOV may be granted only if no reasonable jury could have reached the challenged verdict."); *id.*

---

[1] We acknowledge Appellants' argument that the trial court erred in failing to direct a verdict on subsections (1) and (4) of section 27-40-440(a); however, we find Appellants' arguments in this regard are not preserved for our review as they were either not ruled on by the trial court or were raised for the first time in Appellants' motion for JNOV.  *See RFT Mgmt. Co. v. Tinsley & Adams L.L.P.*, 399 S.C. 322, 331, 732 S.E.2d 166, 170–71 (2012) ("[O]nly the grounds raised in the directed verdict motion may properly be reasserted in a JNOV motion."); *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("[I]t is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

("The jury's verdict will not be overturned if any evidence exists that sustains the factual findings implicit in its decision.").[2,3]

## II.    Discovery Violation and Sanctions

Appellants argue the trial court abused its discretion in finding they committed a discovery violation and in awarding sanctions.  They contend Respondents presented no evidence to support their argument that the information produced just before trial included additional evidence not previously produced.  Appellants further assert the trial court failed to properly weigh or make specific findings on the factors applicable to its sanctions award.  Finally, they argue the trial court erred by factoring in paralegal fees in its sanctions award.  We affirm.

"Under Rule 37(b)(2)(C), SCRCP, when a party fails to comply with a discovery order, the trial court has the discretion to impose a sanction it deems just . . . ." *McNair v. Fairfield County*, 379 S.C. 462, 465, 665 S.E.2d 830, 832 (Ct. App. 2008).  "In determining the appropriateness of a sanction, the court should consider such factors as the precise nature of the discovery and the discovery posture of the case, willfulness, and degree of prejudice." *Id.* at 467, 665 S.E.2d at 832 (quoting *Griffin Grading & Clearing, Inc. v Tire Serv. Equip. Mfg. Co.*, 334 S.C. 193, 199, 511 S.E.2d 716, 719 (Ct. App. 1999)).

---

[2] We acknowledge the following arguments from Appellants: (1) the RLTA requires written notice to a landlord; (2) Appellants properly remediated Respondents' mold problem in compliance with the RLTA; (3) the trial court erred in considering testimony from another Oyster Park tenant; and (4) much of the evidence presented at trial was unrelated to the negligence claim under the RLTA. However, these arguments have either been raised for the first time on appeal or have not been ruled on by the trial court.  Therefore, we find they are unpreserved for our review. *See Wilder Corp.*, 330 S.C. at 76, 497 S.E.2d at 733 ("[I]t is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

[3] To the extent Appellants argue the trial court erred in instructing the jury on the entirety of section 27-40-440(a), we note that neither party objected to the jury charge at trial; therefore, we find any argument in this regard is not preserved. *See* Rule 51, SCRCP ("No party may assign as error the giving or the failure to give an instruction [to the jury] unless he objects thereto before the jury retires to consider its verdict . . . .").

We hold the trial court did not abuse its discretion by issuing sanctions based on Appellants' failure to produce discoverable information until the eve of trial. *See Barnette*, 355 S.C. at 593, 586 S.E.2d at 575 ("A trial [court]'s exercise of [this] discretionary power[] with respect to sanctions imposed in discovery matters will not be disturbed on appeal absent a clear abuse of discretion."). Appellants did not dispute that they produced notebooks containing discoverable information on the eve of trial. Regardless of whether these notebooks contained completely new information, we find this violated the trial court's order compelling Appellants to produce discovery.

We acknowledge Appellants' argument that the trial court failed to exercise discretion because it did not make specific findings of fact on the factors applicable to a sanctions award. However, we hold the trial court clearly exercised its discretion in determining whether to award sanctions, specifically citing the applicable factors. *See McNair*, 379 S.C. at 465, 665 S.E.2d at 832 (stating factors a court should consider in determining the appropriateness of a sanction (quoting *Griffin Grading & Clearing, Inc.*, 334 S.C. at 199, 511 S.E.2d at 719)).

Finally, we hold the trial court did not err by including paralegal fees in its sanctions award. *Brawley v. Richland County*, 445 S.C. 80, 99, 911 S.E.2d 156, 166 (Ct. App. 2025). This court recently held that "a circuit court may include paralegal and support-staff fees in a computation of reasonable fees and costs so long as they are billed at appropriate and reasonable rates and that the tasks involved contribute[d] to the litigation." *Brawley v. Richland County*, 445 S.C. 80, 100, 911 S.E.2d 156, 167 (Ct. App. 2025). In so doing, this court noted "several South Carolina cases upholding the inclusion of paralegal fees within reasonable fee awards" as early as 1995. *Id.* at 99, 911 S.E.2d at 166. We find no error in the trial court's inclusion of paralegal fees in the sanctions award.[4]

---

[4] We acknowledge Appellants' argument that the affidavit of Clayton McCullough and supporting exhibits were not part of the trial record and therefore improperly considered by the court. However, the trial court indicated the affidavit was before the lower court because it expressly referenced it in ruling on the motion for sanctions. Additionally, Appellants raise the specific argument that the absence of McCullough's affidavit indicates there was no evidentiary basis for the trial court's award for the first time on appeal. Therefore, we find this argument is not preserved for our review. *See Wilder Corp.*, 330 S.C. at 76, 497 S.E.2d at 733 ("[I]t is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

Based on the foregoing, the orders of the circuit court are

**AFFIRMED.**

**WILLIAMS, C.J., and THOMAS and CURTIS, JJ., concur.**